**Regina Orellana CHACON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70515.

INS No. A70–639–914.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Regina Orellana Chacon, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") denial of her motion to reopen proceedings after she was ordered deported *in absentia.* We have jurisdiction under 8 U.S.C. § 1105a (1996) (repealed). *See Garcia v. INS,* 222 F.3d 1208, 1209 n. 2 (9th Cir. 2000) (per curiam). We review the BIA's denial of a motion to reopen for abuse of discretion and review issues of law de novo. *Id.* We deny the petition.

The Immigration and Naturalization Service sent notice of Chacon's deportation hearing by certified mail to her last known address in compliance with § 242B of the Immigration and Nationality Act, 8 U.S.C. § 1252b (repealed 1996). *See Dobrota v. INS,* 311 F.3d 1206, 1210 n. 3 (9th Cir. 2002) (applying statutes that governed at the time deportation proceedings were initiated). Accordingly, when Chacon failed to appear, the IJ properly ordered her deported *in absentia. See* 8 U.S.C. § 1252b(c)(1) (repealed 1996).

Chacon contends that she was deprived of due process because the evidence establishing her last known address was deficient. Because Chacon failed to make this argument before the BIA, we lack jurisdiction to consider it. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987) (requiring

---

administrative exhaustion of due process claim based on procedural error).

PETITION FOR REVIEW DENIED.

