**Ciriaco Garcia MAMALAYAN,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–73010.
INS No. A71–583–368.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Fed. R.App. P. 34(a)(2).

**658**

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Ciriaco Garcia Mamalayan, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8

U.S.C. § 1105a(a). *See Garcia v. INS,* 222 F.3d 1208, 1209 n. 2 (9th Cir.2000) (per curiam). We review for substantial evidence and will reverse the BIA's determination only if the petitioner shows that the evidence compels such a result. *Cruz–Navarro v. INS,* 232 F.3d 1024, 1028 (9th Cir.2000). We deny the petition.

■ Contrary to Mamalayan's contention, the BIA adequately articulated its reasons for denying his asylum application by explicitly rejecting the IJ's adverse credibility finding while agreeing with the IJ that Mamalayan had not carried his burden in establishing either past persecution or a well-founded fear of future persecution. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995). That conclusion was supported by substantial evidence because the harassment Mamalayan allegedly received from the New People's Army ("NPA") on account of his military service and his religious activities was limited to vague and sporadic threats, and does not compel a fact-finder to conclude that such treatment rose to the level of persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution). Mamalayan offered no compelling evidence that the alleged NPA attacks on his military unit were motivated by an effort to single him out for his political or religious opinions. *See Cruz–Navarro,* 232 F.3d at 1029.

■ Mamalayan's fear of future persecution is not objectively well-founded because he did not carry his burden of adducing "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." *Arriaga–Barrientos v. INS,* 937 F.2d 411, 413 (9th Cir.1991). In ad-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dition, the subjective basis of Mamalayan's fear is undermined by the fact that he returned to the Philippines after his first trip to the United States and the fact that, after his departure in 1991, his family continued to live in the country for three years before joining him in the United States and did not experience any harassment from the NPA.

Because Mamalayan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Cruz–Navarro,* 232 F.3d at 1031.

Attorney General John Ashcroft is substituted as the proper respondent.

PETITION FOR REVIEW DENIED.