**Jaswant SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74072.

Agency No. A75–253–792.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 20, 2003.

Earle A. Sylva, Esq., Rai, Law & Associates, PC, Rohit Dharwadkar, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Terri J. Scadron, Esq.,

Robbin K. Blaya, Esq., Washington, DC, for Respondent.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Jaswant Singh, a native and citizen of India and a member of the Sikh religion, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his applications for political asylum, withholding of deportation, and protection under the Convention Against Torture. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *Garcia v. INS,* 222 F.3d 1208, 1209 n. 2 (9th Cir. 2000) (per curiam). We review for substantial evidence and will reverse the BIA's determination only if the evidence compels such a result. *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition.

Substantial evidence supported the IJ's determination that Singh failed to present credible evidence of past persecution, because there were important inconsistencies between his testimony and the documents he submitted and some of the documents appeared to be fabricated for the purpose of supporting his testimony. *See Pal v. INS,* 204 F.3d 935, 940 (9th Cir.2000) (inconsistencies between testimony and documents that go to "the heart of ... asylum claim" provide substantial evidence to support adverse credibility finding). Singh also failed to show a well-founded fear of future persecution if he returned to India, because he did not overcome evidence of changed country conditions. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1095–96

---

(9th Cir.2002) (when applicant failed to show credible past persecution, presumption of future persecution does not apply and BIA and IJ may rely on all relevant evidence, including State Department country reports, to show changed conditions).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

To the extent Singh petitions for review of the denial of his claim under the Convention Against Torture, we lack jurisdiction to consider the claim because he did not appeal the issue to the BIA. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.