For the foregoing reasons, we AFFIRM the district court.

AFFIRMED.

**Ashok KUMAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71642.
Agency No. A75–105–207.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Nov. 12, 2003.

Viney Gupta, Orange, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS-District Counsel, Seattle, WA, John J. Andre, An-

---

**7.** *United States v. Klimavicius–Viloria,* 144 F.3d 1249, 1266 (9th Cir.1998).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

thony W. Norwood, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before NOONAN, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM**

Ashok Kumar, a 32–year–old native and citizen of India, petitions for review of a final order of the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ's") denial of his motion to reopen removal proceedings after he had been ordered removed *in absentia.* We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny in part and grant in part the petition.

■■■ The BIA did not abuse its discretion when it determined (1) that Kumar's motion to reopen was untimely because it was filed more than one year after the IJ ordered his removal, *see* 8 U.S.C. § 1229a(b)(5)(C)(i); and (2) that Kumar had not demonstrated "exceptional circumstances" justifying his failure to appear at his removal hearing because he had not shown that he was bedridden or otherwise unable to travel to the hearing, and he never notified his attorney or the immigration court that he was seriously ill. *See* 8 U.S.C. § 1229a(e)(1); *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 891–92 (9th Cir. 2002). The BIA correctly ruled that Kumar received proper notice of his removal hearing through his counsel, *see Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000), and that he was not in custody at the time of the hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). Nothing in the record before us compels a contrary result. *See Celis–Castellano,* 298 F.3d at 891–92; *Singh v. INS,* 213 F.3d 1050, 1052–53 (9th Cir.2000).

■■ The BIA also denied Kumar's motion to reopen on the following grounds: (1) Kumar failed to establish that he received ineffective assistance of counsel with respect to his removal hearing; and (2) Kumar failed to demonstrate that his asylum application was based on newly discovered evidence of changed country conditions that could not have been presented at the hearing. Although the BIA asserted that Kumar "raise[d] no arguments on appeal which were not addressed by the Immigration Judge," the IJ in fact never heard nor ruled on these two grounds for reopening Kumar's removal proceedings and thus did not develop any record on these issues. Indeed, the IJ's decision is silent as to these additional potential grounds for relief. Nor did the INS address them in its briefs to the BIA and to us.

Accordingly, the BIA lacked jurisdiction to deny Kumar's motion on the grounds of ineffective assistance of counsel and changed country circumstances, as those issues were not properly before it. 8 C.F.R. §§ 1003.1(b)(3), 1003.1(d)(1), 1003.3(a)(1), 1003.3(b).

The petition therefore is **DENIED** in part, **GRANTED** in part, *see Cano–Merida v. INS,* 311 F.3d 960, 964–66 (9th Cir. 2002), and **REMANDED** to the BIA with instructions to remand to the Immigration Court in Los Angeles for further proceedings consistent with this disposition.

■■■

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.