**Ravinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

**Nos. 03–70409, A73–413–243.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.**

Decided May 20, 2004.

---

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendiz Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Alison R. Drucker, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM***

Ravinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals ("BIA") December 30, 2002 decision denying his motion to reopen and reconsider the BIA's May 13, 2002 decision. In the May 13, 2002 decision, the BIA dismissed Singh's appeal from an immigration judge's decision denying his application for asylum and with-

holding of deportation. In the May 13, 2002 decision, the BIA also denied Singh's motion to remand to apply for relief under the Convention Against Torture. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *Garcia v. INS,* 222 F.3d 1208, 1209 n. 2 (9th Cir.2000) (per curiam). We review for abuse of discretion the BIA's denial of a motion to reopen, and review de novo the BIA's determination of purely legal questions. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review in part, and dismiss in part.

■ The BIA did not abuse its discretion in its December 20, 2002 decision, when it denied Singh's motion to reopen on the basis of changed country conditions, because Singh's affidavit and the attached news reports did not demonstrate prima facie eligibility for asylum or withholding of deportation. *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 870 (9th Cir.2003). Similarly, the BIA did not abuse its discretion when it denied Singh's motion to reconsider, because Singh did not argue, much less demonstrate and support with legal authority, that the BIA erred as a matter of law or fact in its May 13, 2002 decision. *See Iturribarria v. INS,* 321 F.3d 889, 896 (9th Cir.2003); *see also* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."). Finally, the BIA did not abuse its discretion when it denied Singh's motion on grounds of untimeliness because Singh's contention that this was a result of ineffective assistance of counsel was not raised in a motion

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to reopen and did not satisfy the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). *See Iturribarria*, 321 F.3d at 894–97, 900; 8 C.F.R. § 1003.2(b)(2).

We lack jurisdiction to review the BIA's May 13, 2002 decision because Singh did not petition for review of this decision within the requisite 30 days. *See Narayan v. INS*, 105 F.3d 1335 (9th Cir.1997) (order).

Singh's remaining contentions lack merit.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.