**Abdurahman OSMAN KEMI,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

Nos. 03–71689,

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 20, 2004.

Howard R. Davis, Esq., Van Nuys, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Carolyn Piccotti, U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Abdurahman Osman Kemi, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider its April 24, 1998 order finding that his appeal was untimely. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *Garcia v. INS,* 222 F.3d 1208, 1209 n. 2 (9th Cir.2000) (per curiam). We review for abuse of discretion the BIA's denial of a motion to reconsider. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We review de novo both the BIA's determination of purely legal questions, *id.,* as well as claims of ineffective assistance of counsel, *Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042, 1044–45 (9th Cir.2000). We grant the petition for review and remand to the BIA.

Kemi's previous attorney filed a late notice of appeal of the immigration judge's ("IJ") denial of asylum, withholding and suspension of deportation. The BIA rejected the appeal as untimely. Kemi timely moved to reconsider. Kemi's newly-retained counsel filed a supplemental brief arguing that the appeal was filed late because of ineffective assistance of counsel. The BIA denied Kemi's motion on the grounds that he failed to show actual prejudice.

The BIA erred in denying Kemi's motion to reconsider because an attorney's failure to file a brief with the BIA creates a rebuttable presumption of prejudice given that counsel's mistake deprives the petitioner of a direct appeal to the BIA. *See Rojas–Garcia v. INS,* 339 F.3d 814, 826 (9th Cir.2003) (recognizing "a valid ineffective assistance of counsel claim when the petitioner was deprived of an opportunity to appeal because of counsel's untimely filing of appeal" and holding that presumption is rebuttable); *see also Dearinger,* 232 F.3d at 1045–46. In this case, Kemi has

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plausible grounds for asylum or suspension relief. *Accord Dearinger,* 232 F.3d at 1046; *cf. Rojas–Garcia,* 232 F.3d at 826. Furthermore, Kemi was not provided with transcripts of the deportation hearing or the IJ's oral decision. Thus, it is not evident how Kemi could demonstrate "actual prejudice" as required by the BIA. *See Singh v. Ashcroft,* 362 F.3d 1164 (9th Cir.2004) (finding due process violation when BIA failed to provide alien with transcript and briefing schedule, and observing "[w]e are at a loss as to how [alien] could file a brief clarifying the testimony that the IJ deemed inconsistent without having access to the transcript of that very testimony.").

Accordingly, we grant the petition and remand Kemi's case to the BIA with instructions to grant Kemi's motion to reconsider and to allow Kemi to proceed with his appeal of the IJ's decision of September 16, 1997. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED and REMANDED.