Abdul MANNAN, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70647.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 22, 2004.

Richard M. Wilner, Law Offices of Robert L. Reeves and Associates, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Genevieve Holm, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Abdul Mannan, a native and citizen of Bangladesh, petitions for review of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision denying his application for asylum and withholding of deportation. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *Garcia v. INS,* 222 F.3d 1208, 1209 n. 2 (9th Cir.2000) (per curiam). We review for substantial evidence an adverse credibility finding, *Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997), and a denial of asylum on grounds of failure to demonstrate past persecution or a well-founded fear of future persecution, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because even though Mannan had notice that his credibility was in question, he did not offer any corroborative evidence about his father—whom he alleged was a lawyer, industrialist and prominent politician in Bangladesh who won three elections, wielded considerable political authority in a key border region, enjoyed a relationship of mutual admiration with the president of Bangladesh, and was assassinated—and at least some corroborative evidence would be easily available to Mannan. *See Guo v. Ashcroft,* 361 F.3d 1194, 1201 (9th Cir.2004) ("when an applicant's credibility is in question, and he or she fails to produce evidence that is non-duplicative, material, and easily available the IJ or BIA may make an adverse credibility finding.") (internal quotations and citations omitted). This issue went to "the heart of [Mannan's] asylum claim." *Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Further, substantial evidence supports the IJ's finding that Mannan did not show a well-founded fear of future persecution and, because Mannan did not show past persecution, the IJ properly relied upon the country report to make this determination. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1096 (9th Cir.2002).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Mannan's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED.**