**Jeet SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71562.**
**Agency No. A75–251–479.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret Taylor, U.S. Department of Justice, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM**

Jeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. He also appeals the BIA's denial of his motion to remand to apply for relief under the Convention Against Torture ("CAT"). We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *Garcia v. INS*, 222 F.3d 1208, 1209 n. 2 (9th Cir.2000) (per curiam). We grant the petition for review, and remand.

The BIA did not make an explicit adverse credibility finding and we therefore accept Singh's factual allegations as true. *See Ladha v. INS*, 215 F.3d 889, 900 (9th Cir.2000). The BIA's reliance on *Chebchoub v. INS*, 257 F.3d 1038 (9th Cir.2001), is misplaced because, in *Chebchoub*, the agency made an adverse credibility finding that we upheld. *See id.* at 1042–44. Here, however, neither the IJ nor BIA made an explicit adverse credibility finding, yet re-

quired that Singh provide corroboration. *See Ladha*, 215 F.3d at 900 n. 11. When credibility is assumed, denial of an asylum claim on grounds of failure to corroborate and failure to sustain the burden of proof "is legal error." *Id.* at 897.

Further, the BIA improperly required Singh to submit corroborative evidence when this evidence was not easily available. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir.2000) ("it is inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from relatives or acquaintances living outside of the United States—such corroboration is almost never easily available.").

The BIA abused its discretion when it denied Singh's motion to remand for consideration of CAT relief on grounds of failure to demonstrate prima facie eligibility, because the denial was based on the flawed determination of Singh's eligibility for asylum. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002); *see also Kamalthas v. INS*, 251 F.3d 1279, 1283–84 (9th Cir.2001).

Because the agency did not properly assess Singh's eligibility for asylum and withholding of deportation we grant the petition and remand for the agency to reopen proceedings and determine whether or not Singh is eligible for asylum or withholding. *See Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 621 (9th Cir.2004). Because the agency abused its discretion in denying Singh's motion for consideration for CAT relief, we remand for consideration as to whether or not he is eligible. *See id.*

We deny the motion filed by Singh's attorney to withdraw as counsel without prejudice to his moving to withdraw before the BIA.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW GRANT-
ED and REMANDED.