Haja **ALAWODEEN**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–70676.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Paisner, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Haja Alawodeen, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. The transitional rules apply and we have jurisdiction under 8 U.S.C. § 1105a(a). *Garcia v. INS,* 222 F.3d 1208, 1209 n. 2 (9th Cir.2000) (per curiam). We deny the petition for review.

██ Substantial evidence supports the IJ's determination that Alawodeen failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Na-*

*goulko v. INS,* 333 F.3d 1012, 1015, 1018 (9th Cir.2003). Taking Alawodeen's testimony as true, police arrested and detained Alawodeen following a confrontation between Muslims and Hindus during which several people were killed. They charged and released Alawodeen on bail, and then sought him out when he failed to appear in court to respond to charges. *See Navas v. INS,* 217 F.3d 646, 660 (9th Cir.2000); *see also Chanco v. INS,* 82 F.3d 298, 301 (9th Cir.1996) (explaining that persons avoiding lawful prosecution for common crimes are not ordinarily deemed refugees). Further, Alawodeen's own description of his activities in India after he returned from Australia and before he left for the United States, do not show that he had a well-founded fear of future persecution. *See Nagoulko,* 333 F.3d at 1018. Also, the IJ examined and properly discounted the letter allegedly written by a police superintendent that Alawodeen offered as evidence of an objective basis for fearing future persecution. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000).

Because Alawodeen failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Alawodeen's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.