**Syed Faqir QAMARUDDIN; et al., Petitioners,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74814.
Agency Nos. A72–515–422, A72–515–424, A72–515–423.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

Syed Faqir Qamaruddin, Glendale, CA, pro se.

Nida Qamar, Glendale, CA, pro se.

Fauzia Qamar, Glendale, CA, pro se.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the Dis-

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

trict Counsel, San Francisco, CA, Hillel Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM[***]

Syed Faqir Qamaruddin, his wife Fauzia Qamar, and their daughter, Nida Qamar, natives and citizens of Pakistan, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen deportation proceedings based on changed country conditions. To the extent we have jurisdiction, it is conferred by former 8 U.S.C. § 1105a(a). *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We are without jurisdiction to review Qamaruddin's contentions challenging the BIA's February 27, 2003 dismissal of his appeal, or the BIA's July 2, 2003 denial of his motion to reconsider because he did not file a timely petition for review from either order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003) (holding that time limit to file a petition for review is mandatory, jurisdictional, and cannot be tolled).

The BIA did not abuse its discretion in its December 1, 2003 denial of Qamaruddin's motion to reopen to reapply

for asylum based on changed country conditions in Pakistan. The periodical articles submitted by Qamaruddin constituted only general background material, were not probative of his claim, and, in any event, did not establish prima facie eligibility for relief. *See Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999) (upholding denial of motion to reopen where petitioner introduced evidence that was too general in nature to demonstrate a well-founded fear of persecution).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

