**Maria Alba JIMENEZ, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**Nos. 03–72214, 03–73845.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 25, 2005.

Marc A. Karlin, Esq., Philip J. Karlin, Esq., Karlin & Karlin, APC, Los Angeles, CA, for Petitioner.

Laguna Niguel, Office of the District Counsel, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Counsel, San Francisco, CA, James A. Hunolt, Esq., M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM ***

In these consolidated petitions, Maria Alba Jimenez, a native and citizen of Mexico, seeks review of two decisions of the Board of Immigration Appeals ("BIA"): (1) the denial of Jimenez's motion to reopen and issue a newly dated decision (No. 03–72214), and (2) the denial of Jimenez's motion to reconsider the BIA's denial of her motion to reopen (No. 03–73845). We have partial jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for abuse of discretion the denial of a motion to reconsider or to reopen. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petitions for review.

■ The BIA did not abuse its discretion when it determined, both in its denial of reopening and in its denial of reconsideration, that the agency properly mailed its decision to the address of record of Jimenez's counsel of record. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (noting that the BIA complies with federal regulations when it mails its decision to counsel's address of record);

*see also Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2002) (recognizing that notice to the attorney of record constitutes notice to the petitioner).

We lack jurisdiction to review the BIA's January 29, 2002 decision because petitioner did not timely petition this Court for review of that decision. *Martinez–Serrano,* 94 F.3d at 1258; *see also* 8 U.S.C. § 1252(b)(1).

■ We also lack jurisdiction to consider Jimenez's ineffective assistance of counsel claim because she failed to raise it before the BIA. *See Grava v. Ashcroft,* 205 F.3d 1177, 1182 (9th Cir.2000).

In No. 03–72214, **PETITION FOR REVIEW DENIED** in part; **DISMISSED in part.**

In No. 03–73845, **PETITION FOR REVIEW DENIED** in part; **DISMISSED in part.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

