**Olga Yesenia RODRIGUEZ–LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–74670.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2004.**

Decided May 10, 2005.

---

*** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edgardo Quintanilla, Esq., Attorney At Law, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel. Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., U.S. Department of Justice, Civil Div./Office of Immigration, Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the

**MEMORANDUM ***

Olga Rodriguez–Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal from an immigration judge's (IJ) denial of Rodriguez–Lopez's motion to reconsider the IJ's denial of her motion to reopen in absentia removal proceedings. We have jurisdiction conferred by 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the BIA's order affirming the denial of a motion for reconsideration for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

We disagree with Rodriguez–Lopez's contention that she did not receive adequate and proper notice of the individual deportation hearing. Rodriguez–Lopez did not appear at this hearing and was ordered deported in absentia. The record contains a "Notice of Hearing in Deportation Proceedings" which stated the date, time, and location of Rodriguez–Lopez's individual deportation hearing. The Notice further stated that "this written notice was provided to the alien" and "oral notice of the contents of this notice was given to the alien." The Notice was signed by an immigration judge. This notice complied with the statute in effect at the time of Rodriguez–Lopez's hearing. *See* 8 U.S.C. § 1252b(a)(2) (repealed in 1996) ("written notice shall be given in person to the alien (or if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any")). Because the record indicates that Rodriguez–Lopez was given both written and oral notice of the time, place, and location of the deportation hearing, the notice requirements were suffi-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cient under § 1252b(a)(2). *See Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000). Rodriguez–Lopez's claims that the administrative record must contain a transcript of the hearing on the order to show cause, or contain additional "objective" proof that she received the written notice are without merit.

Accordingly, there was no abuse of discretion in the denial of the motion to reconsider the denial of the motion to reopen the deportation proceedings.

PETITION FOR REVIEW DENIED.