J. Sacramento GARCIA; Maria L. Gomez Gamino; Noel C. Garcia Gomez, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–70206.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2000.[1]

Filed Aug. 22, 2000.

---

**1.** Because we unanimously find this case suitable for decision without oral argument, we deny petitioners' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Donald Ungar, San Francisco, California, for the petitioners.

Quynh Vu, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: WALLACE, SNEED, and SCHROEDER, Circuit Judges.

PER CURIAM:

■ J. Sacramento Garcia, Maria L. Gomez Gamino, and Noel C. Garcia Gomez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of their motion to reopen deportation proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[2] We review the denial of a motion to reopen for abuse of discretion. *See Urbina–Osejo v. INS*, 124 F.3d 1314, 1316 (9th Cir.1997). We review de novo the BIA's " 'determination of purely legal questions regarding the requirements of the Immigration and Nationality Act.' " *Tedeeva v. INS*, 88 F.3d 826, 827 (9th Cir.1996) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995)). We deny the petition.

■ We disagree with petitioners' contention that they received inadequate notice of their hearing pursuant to 8 U.S.C. § 1252b(a)(2)(A). That section requires that "written notice shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any)." *Id.*

■ It is a longstanding principle that in "our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' " *Link v. Wabash R.R.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1880)).

■ Due process is satisfied if notice is served in a manner "reasonably calculated" to ensure that it reaches the alien. *See Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997); *Matter of Barocio*, 19 I. & N. Dec. 255, 259 (BIA 1985) (holding that notice to the attorney of record constitutes notice to the petitioner); 8 C.F.R. § 292.5(a) (stating that whenever alien is required to be given notice, such notice shall be given to attorney of record).

The Immigration and Naturalization Service personally served the written notice on petitioners' counsel, in petitioners' presence, in court at the master calendar hearing. That notice advised them of the next hearing date. When petitioners failed to appear at the next hearing, the IJ properly conducted the in absentia deportation hearing. *See* 8 C.F.R. § 3.26 (allowing in absentia hearing if IJ finds that notice of the proceeding was provided by written notice to the applicant or to the applicant's counsel of record). We conclude that petitioners' claim of inadequate notice of the hearing is not grounds for rescinding the IJ's in absentia deportation order. *See* 8 U.S.C. § 1252b(c)(3)(B).

Any contention that the in absentia deportation order should be rescinded due to ineffective assistance of counsel is not before us. *See* 8 U.S.C. §§ 1252b(c)(3)(A),

---

**2.** The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).

(f)(2) (exceptional circumstances requiring recission of in absentia deportation order).

We deny petitioners' motion to hold proceedings in abeyance.

PETITION FOR REVIEW DENIED.