**Rafik BARSEGHIAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71217.

I & NS No. A70–955–820.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided July 2, 2001.

Before HUG and B. FLETCHER, Circuit Judges, and KING, District Judge.[*]

MEMORANDUM [**]

Rafik Barseghian, a native and citizen of Iran, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the denial by an Immigration Judge ("IJ") of his motion to reopen deportation proceedings. The IJ ordered Barseghian deported in absentia after he failed to appear for his February 12, 1998 deportation hearing, and denied his timely motion to reopen because Barseghian failed to demonstrate "exceptional circumstances" as set forth in 8 U.S.C. § 1252b(c)(3). We have jurisdiction under 8 U.S.C. § 1105a(a) [1], and we grant Barseghian's petition.

---

[*] Hon. Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996), repealed this section. However, the IIRIRA provides transitional rules that apply to cases where the deportation proceedings commenced prior to April 1, 1997, and in which a final deportation order was issued on or after October 30, 1996. Because Barseghian's deportation proceedings commenced on March 4, 1997 and a final order was issued on February 12, 1998, the IIRIRA transitional rules apply to this case.

We review the BIA's denial of a motion to reopen deportation proceedings for abuse of discretion. *See Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000). An order for deportation entered in absentia may be rescinded "if the alien demonstrates that the failure to appear was because of exceptional circumstances." *See id.;* 8 U.S.C. § 1252b(c)(3)(A). In determining whether "exceptional circumstances" exist we must look to the particularized facts and the totality of the circumstances presented in each case. *See Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000). In looking at the totality of the circumstances, we conclude that the BIA abused its discretion in determining that Barseghian failed to demonstrate exceptional circumstances. Barseghian understood his interpreter to say that his hearing was scheduled for February 19, 1998. In fact, it was scheduled for February 12, 1998. Barseghian appeared on February 19, 1998, the day that he understood was the scheduled hearing date, ready to present his case. He was advised he was a week late and had been ordered to be deported in absentia.

This is not a situation in which Barseghian's claim is frivolous or he is seeking to delay and manipulate proceedings in order to prolong his stay before deportation. He has a very valid claim for adjustment of status. He is married to an American citizen and has a child who is also an American citizen. Upon reopening of the deportation proceedings he would be eligible for adjustment of status based upon his wife's citizenship. Deporting Barseghian will either separate a family for at least ten years, *see* 8 U.S.C. § 1182(a)(9)(B)(i)(II), or possibly force two United States citizens (Barseghian's wife and child) to join him in an unfamiliar country with a restrictive culture to which they are not accustomed. Both options will result in extreme hardship to Barseghian and his wife and child.

This is also not a situation in which Barseghian did not take seriously his obligation to attend the hearing. He did appear on time and ready to proceed on the day he understood was the date for the hearing. His failure to appear on the correct date was due either to a miscommunication by the interpreter or a misunderstanding by Barseghian. In either event it was simply a mistake in dates that all of us are prone to make at one time or another. Ironically such a mistake in dates appears in the order of the BIA. The order states:

> "He believed that his hearing was scheduled for Monday, February 17, 1998, instead of the correct date of Monday, February 19, 1998."

Taking the BIA order literally, if February 19, 1998 were really the correct date for his hearing then he did appear on that date. However, this is not what the IJ said. Actually, there are numerous mistakes in the BIA order:

1. The IJ stated Barseghian believed he was to appear on February 19, 1998 not February 17, 1998 as stated by the BIA;

2. The date of February 17, 1998 was a Tuesday, not a Monday, as stated by the BIA;

3. The IJ stated the correct date Barseghian was to appear was February 12, 1998, not February 19, 1998, as stated by the BIA;

4. The date of February 19, 1998 was a Thursday, not a Monday, as stated by the BIA.

The point is that this type of mistake in dates can be made by any of us. Our system of justice generally takes this into account in rectifying defaults and instead determining matters on the merits. Generally, in exercising discretion in these mat-

ters we assess the harm in allowing the matter to be heard on the merits and then assess the harm in not allowing the decision to be heard on the merits. Any inconvenience to the Service, the IJ, or the BIA in allowing the matter to be heard on the merits is outweighed by the grave harm to Barseghian and his family in not requiring the proceeding to be heard on the merits. Accordingly, we conclude that this was an exceptional circumstance and an abuse of discretion for the BIA not to grant the petition to reopen. We remand the case to the BIA with instructions to order a new hearing before the IJ so that Barseghian may apply for adjustment of status.

PETITION GRANTED.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.