**Mohan SAINI, aka Mohan Singh, aka Mohan Saimi, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71642.
I & NS No. A70–107–046.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2001 *.

Decided July 17, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before RYMER and RAWLINSON, Circuit Judges, and RESTANI, Judge **.

** Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

MEMORANDUM ***

■ Mohan Saini (Saini), a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ) decision denying Saini's application to reopen his exclusion proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we review the denial of the motion to reopen for an abuse of discretion. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000). We deny Saini's petition.

■ Saini argues that his Fifth Amendment Due Process right to effective assistance of counsel was violated when he was not informed of a change in date of the hearing on his petition for asylum and withholding of deportation. Even if a right to effective assistance of counsel existed, nothing in the record suggests that Saini's counsel was deficient. Because the INS properly served written notice of the hearing on Saini's counsel, Saini is deemed to have also received notice. *See Garcia*, 222 F.3d at 1209; *see also* 8 C.F.R. § 292.5(a) (stating that whenever an alien is required to be given notice, such notice shall be given to alien's attorney of record). Furthermore, Saini has failed to prove that he attempted to contact his counsel about his case at any point during his six years as a fugitive. There is no evidence that Saini would have even appeared on the continued date, as he did not appear on the date he knew the hearing was originally set for.

■ Saini has also failed to show that he could have presented evidence of past persecution, or a well-founded fear of future persecution, on account of a protected

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also* INA § 208(a), 8 U.S.C. § 1158(a) (listing factors that alien must establish by a preponderance of evidence to prove that he is statutorily eligible for asylum). Absent prejudice due to counsel's errors, there would be no basis for re-opening.

■ Although Saini asks for a remand because of new evidence of his marriage to a United States citizen during his six years as a fugitive, he offers no explanation why his marriage has anything to do with his request for re-opening and remanding on the ground of ineffective assistance of counsel.

PETITION FOR REVIEW DENIED.