Moises TRINIDAD, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–70215.

I & NS No. A70–911–946.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2001 *.

Decided July 17, 2001.

Before RYMER and RAWLINSON,
Circuit Judges and RESTANI, Judge **.

MEMORANDUM ***

■ Moises Trinidad (Trinidad), a native and citizen of El Salvador, petitions for review of the final order of deportation entered by the Board of Immigration Ap-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

peals (BIA), denying his second motion to reopen proceedings pursuant to Immigration and Nationality Act (INA) § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3)(A), after an immigration judge (IJ) ordered him deported *in absentia.*[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we review the denial of the motion to reopen for an abuse of discretion. *See Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000). We deny Trinidad's petition.

Trinidad's contention that a notario's fraud made his first motion to reopen so worthless as to toll the statute of limitations, thereby making his second motion timely, is misplaced because our review is of the BIA decision. The BIA conducted a de novo review of the IJ's decision, and the BIA did not deny his motion to reopen on the ground that it was untimely. *See Sidhu v. INS,* 220 F.3d 1085, 1088 (9th Cir. 2000). Trinidad's further argument about the IJ's boilerplate decision fails for the same reason.

■ Trinidad maintains that an exceptional circumstance for failing to appear should be recognized because he was being represented by notarios and it was foreseeable that he would have trouble getting to the hearing as the notice listed the clerk's room number instead of the courtroom. *See* 8 U.S.C. § 1252b(c)(3)(A). However, had Trinidad gone to the room identified in the notice, he would have been checked-in and directed to the courtroom designated for his hearing. Thus, the notice was adequate and his explanation is not an exceptional circumstance. *Cf. Romani v. INS,* 146 F.3d 737, 739 (9th Cir. 1998) (petitioner appeared at courthouse on time but was incorrectly told by counsel's assistant that the IJ had already ordered them deported in absentia).[2]

■ Trinidad also suggests that the order deporting him should be rescinded because he did not receive a transcript of the hearing. However, Trinidad's appeal from the BIA's denial of his motion to reopen turns entirely upon whether he presented exceptional circumstances excusing his failure to appear. *See Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000) (holding that "[a]n order for deportation entered in absentia may be rescinded if the alien demonstrates that the failure to appear was because of exceptional circumstances."). For this, a transcript is not necessary. In any event, nothing in the record suggests that Trinidad suffered prejudice on account of the absence of a transcript.

■ Trinidad submits that the Order to Show Cause (OSC) was improperly based on his 1995 asylum application in light of a 1997 modification to the regulations. 8 C.F.R. § 208.3(c)(1) (1997). However, his OSC was issued June 9, 1995, before 8 C.F.R. § 208.3(c)(1) (1997) was adopted. Under the applicable regulations in force at the time, the INS was authorized to use a completed asylum application as the basis for an OSC. *See* 8 C.F.R. § 208.3(c)(1) (1995) ("Information provided in completing the [asylum] application may be used as a basis for the institution of, or as evidence in ... deportation proceedings ....").

Trinidad briefly mentions a number of other respects in which he claims that his deportation proceedings were deficient. However, no argument is developed as to

---

1. The applicable law under the transitional rules is 8 U.S.C. § 1252b (1994). *See Lahmidi v. INS,* 149 F.3d 1011, 1013–16 (9th Cir. 1998).

2. We note that in Trinidad's first motion to reopen he stated that he had been delayed and was therefore late due to traffic congestion. He did not press this explanation in his second motion to reopen, or on appeal.

them on appeal, and whatever their merit, none appears to have anything to do with his failure to appear.

PETITION FOR REVIEW DENIED.