**Onesimo NAVARRO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71497.

INS No. A70–780–183.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.*

Decided Nov. 12, 2002.

Before CANBY, GOULD and BERZON, Circuit Judges.

MEMORANDUM **

Onesimo Navarro, a native and citizen of Peru, petitions this court for review of the Board of Immigration Appeals (BIA) decision denying his motion to reopen his asylum case. We have jurisdiction under 8 U.S.C. § 1005a, as modified by § 309 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009, 625 (1996). We review for abuse of discretion the BIA's denial of a motion to reopen. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). Because the BIA did not abuse its discretion in this case, we deny Mr. Navarro's petition for review. As the parties are familiar with the factual and procedural history of this case, we will only recount it insofar as necessary to explain our decision.

Motions to reopen deportation proceedings must be filed within 90 days of the BIA's decision. *See* 8 C.F.R. § 3.2(c)(2) (2001). The BIA issued a decision affirming the Immigration Judge's denial of Mr. Navarro's asylum claim on June 12, 2000. Over a year later, on July 2, 2001, Mr. Navarro's counsel filed a motion to reopen the case. Mr. Navarro argues that because of "exceptional circumstances," namely, that notice of the BIA's decision in his appeal was sent to his attorney's former and no longer valid office address, the time limits for filing his motion to reopen should be equitably tolled.

We need not decide whether the time limits for filing a motion to reopen should have been equitably tolled. Even if equitably tolled, the limitations period for filing a motion to reopen would have begun running on November 2, 2000, the date that Mr. Navarro received an employment authorization denial notice that informed him about the BIA decision in his appeal. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193–96 (9th Cir.2001) (en banc). The motion to reopen thus would have been due at the latest on January 30, 2001, ninety days after any possible tolling of the limitations period ended. Instead, seven months elapsed between the date Mr. Navarro became aware of the BIA decision and the date his attorney filed the motion to reopen, on July 2, 2001.[1] The BIA did not

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. It appears that Mr. Van Antwerp may have delayed filing the motion to reopen longer than Mr. Navarro realized. All the papers in the motion to reopen are dated January 12 or 14, 2001, including the affidavit executed by Mr. Navarro. As noted, a motion filed by January 30 might well have been timely. There is no explanation in the record for the discrepancy. Mr. Navarro does not assert that counsel's performance was ineffective, so we do not address any potential claims that counsel's representation may have denied Mr. Navarro due process in his asylum proceedings. *See Garcia v. INS*, 222 F.3d 1208, 1210 (9th Cir.2000).

therefore abuse its discretion in deciding that the motion to reopen was not timely filed.

Nor did the BIA abuse its discretion in ruling, as an alternative ground for denying the motion to reopen that Mr. Navarro failed to fulfill the requirements of 8 C.F.R. § 3.23(b)(3). Section 3.23(b)(3) provides that motions to reopen proceedings "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material.... A motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *See also* 8 C.F.R. § 3.2(c) (2001) (stating essentially identical requirements for filing a motion to reopen with the BIA).

Mr. Navarro's motion to reopen asserts no substantive grounds for reopening his case and offers no new facts to be proved at a new hearing. The affidavits attached and the legal arguments made merely explain why the motion should be allowed despite its untimely filing. We therefore conclude that the BIA did not abuse its discretion by denying Mr. Navarro's motion on the additional ground that he had not made the evidentiary showing required to reopen his asylum case before the Immigration Court.

For the foregoing reasons, Mr. Navarro's petition for review is DENIED.