**Randa Al RABADI, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–74103.
Agency No. A71–571–688.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.\*\*

Decided Dec. 16, 2003.

---

\* John Ashcroft, Attorney General, is the proper respondent. The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gabriel Silvers, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Alison Marie Igoe, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM ***

Randa Al Rabadi, a native and citizen of Jordan, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *Garcia v. INS*, 222 F.3d 1208, 1209 n. 2 (9th Cir. 2000) (per curiam). We review purely legal questions de novo, and review factual findings concerning credibility and eligibility for asylum for substantial evidence. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). We deny the petition.

 Substantial evidence supports the BIA's determination that Al Rabadi failed to show past persecution because she did not claim she was mistreated by the Jordanian authorities and she did not establish that the alleged persecution of her relatives was closely tied to her. *See id.* at 1431 (distinguishing persecution from religious discrimination); *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) (holding acts of violence against family members establish fear only if violence creates a pattern of persecution closely tied to the petitioner). Similarly, substantial evidence supports the BIA's determination that Al Rabadi does not have a well-founded fear of future persecution because educational disadvantage as a result of inability to read or write the dominant language does not rise to the level of persecution. *See Ghaly,* 58 F.3d at 1431.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Al Rabadi's contention that the IJ and BIA erred when they did not make a credibility finding fails because a credibility finding need only be made when the applicant's testimony is found not credible.[1] *See Ladha v. INS*, 215 F.3d 889, 901 (9th Cir.2000).

Because Al Rabadi failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See Ghaly*, 58 F.3d at 1429.

Petitioner's other contentions are also without merit.

PETITION FOR REVIEW DENIED.

---

1. Petitioner's reliance on this Court's decision in *Mendoza Manimbao v. Ashcroft*, 298 F.3d 852, 855 (9th Cir.2002) is inappropriate considering that this decision was withdrawn and amended three months before applicant's brief was filed. *See Mendoza Manimbao v.Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003).

