**Kulwinder KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondents.**

**No. 03–71231.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

Rehearing Denied Sept. 24, 2004.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Terri J. Scadron, Esq., Leslie McKay, Anthony W. Norwood, Esq., Washington, DC, for Respondent. Agency No. A72–126–724.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Kulwinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation. Because the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 applies, we have jurisdiction under 8 U.S.C. § 1105a. *See Garcia v. INS*, 222 F.3d 1208, 1209 n. 2 (9th Cir. 2000) (per curiam). We deny the petition for review.

We review an adverse credibility finding for substantial evidence and will uphold it unless the evidence compels a contrary result. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). Here, the BIA and the IJ noted many inconsistencies between Kaur's testimony and her asylum application and between her testimony and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the statements Kaur made at her asylum interview. Taken together, these inconsistencies were sufficiently material to permit an adverse credibility finding. *See id.* at 1152.

Kaur contends that the BIA violated due process by not considering the additional documents she submitted on appeal. *See Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 872–73 (9th Cir.2003) (en banc). Because the documents submitted were not pertinent to the inconsistencies on which the adverse credibility finding was based, we are not persuaded that the BIA's refusal to consider them rendered her appeal "so fundamentally unfair that [Kaur] was prevented from reasonably presenting [her] case." *Id.* at 872 (internal quotes omitted).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Kaur's voluntary departure period will begin to run upon issuance of the court's mandate.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.