**Elvia Marina RAMIREZ–VASQUEZ, Petitioner,**

v.

**Alberto GONZALES, Attorney General,* Respondent.**

No. 03–71249.
Agency No. A27–194–111.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.**

Decided April 4, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carmen M. Chavez, Casa Cornelia Law Center, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James E. Grimes, Margaret Perry, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM***

Elvia Marina Ramirez–Vasquez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of her motion to reopen proceedings after she was ordered deported *in absentia*. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review the denial of a motion to reopen for abuse of discretion, *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam), and we review due process claims de novo, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

■ We reject Ramirez–Vasquez's contention that she was deprived of due process because she did not receive written notice of the July 3, 1986 deportation hearing. At a hearing on November 1, 1985, the IJ orally informed both Ramirez–Vasquez and her attorney of the 1986 hearing date, and her attorney subsequently received written notice. Such notice complied with the statute in effect at the time of Ramirez–Vasquez's hearing and did not violate her right to due process. *See* 8 U.S.C. § 1252(b)(1) (1982) ("the alien shall be given notice, reasonable under all the circumstances, ... of the time and place at which proceedings will be held"); *Garcia*, 222 F.3d at 1209 (holding that "[d]ue process is satisfied if notice is served in a manner 'reasonably calculated' to ensure that it reaches the alien" and that notice to the attorney of record constitutes notice to the petitioner) (internal quotation omitted); *Lahmidi v. INS*, 149 F.3d 1011, 1012–13

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.1998) (explaining that section 1252(b) governs notice and *in absentia* deportation orders in cases where the order to show cause was issued prior to June 1992).

Accordingly, the IJ did not abuse his discretion by denying the motion to reopen because Ramirez–Vasquez received notice of the hearing date and thus did not demonstrate reasonable cause for failing to attend the deportation hearing. *See Urbina–Osejo v. INS*, 124 F.3d 1314, 1316 (9th Cir.1997) (motion to reopen *in absentia* deportation hearing could be granted only if alien demonstrated reasonable cause for missing the hearing).

Ramirez–Vasquez's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.