Candelario **CORNEJO–VALLE,**
Petitioner,

v.

Alberto R. **GONZALES,\*** Attorney
General, Respondent.

No. 03–74118.

United States Court of Appeals,
Ninth Circuit.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

Candelario Cornejo–Valle, Santa Ana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Candelario Cornejo–Valle, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his request for a waiver of inadmissibility under former Immigration and Nationality Act Section 212(c) as an alien convicted of two offenses for possession of a controlled substance. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *Garcia v. INS,* 222 F.3d 1208, 1209 n. 2 (9th Cir.2000) (per curiam). We review for abuse of discretion. *Georgiu v. INS,* 90 F.3d 374, 375 (9th Cir.1996) (per curiam). We grant the petition for review and remand.

The IJ abused his discretion when he denied Cornejo's request for a section 212(c) waiver on the ground that Cornejo was statutorily ineligible for a waiver. *See* 8 U.S.C. § 1182(c) (repealed); *Ortega de Robles v. INS,* 58 F.3d 1355, 1358 (9th Cir.1995) (setting forth eligibility requirements). The IJ failed to consider the application and materials in the record, which indicate that Cornejo did show eligibility. *See Yepes–Prado v. INS,* 10 F.3d 1363, 1366 (9th Cir.1993). Similarly, the IJ abused his discretion when he conclud-

---

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed that Cornejo did not prosecute his claim by failing to provide fingerprints to the former Immigration and Naturalization Service ("INS"). The IJ informed Cornejo he could proceed with his previously-filed application for section 212(c) relief. That application included fingerprints. Both the IJ and Cornejo's attorney appear to have proceeded on the mistaken basis that Cornejo had never submitted to a criminal record check.

In granting the petition for review we conclude only that Cornejo showed eligibility for section 212(c) relief. We remand for the IJ to determine whether or not Cornejo can show the equities weigh in his favor. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Because we grant the petition for review, we do not consider Cornejo's due process contentions.

PETITION FOR REVIEW GRANTED; REMANDED.