**Guei Ming ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73628.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 22, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Scott K. Kawamura, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Guei Ming Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her motion to reopen in absentia exclusion proceedings. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). We review the denial of a motion to reopen for abuse of discretion, *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam), and we review due process claims de novo, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

■ The IJ did not abuse his discretion in denying Zhang's motion to reopen because notice of the deportation hearing was sent to and received by Zhang's attorney of record. *See Garcia*, 222 F.3d at 1209 (holding that notice to the attorney of record constitutes notice to the petitioner) (internal quotation omitted).

Zhang's contention that the BIA's streamlining decision violated his right to due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

■ We lack jurisdiction to review Zhang's challenge to the IJ's failure to reopen pursuant to his discretionary authority. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

All remaining contentions are unpersuasive.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW DIS-MISSED in part; DENIED in part.