**KA ZHOU, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 05–2950–AG.

United States Court of Appeals, Second Circuit.

July 14, 2006.

Sunit K. Joshi, New York, NY, for Petitioner.

James R. Dedrick, Acting United States Attorney, Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondent.

Present JAMES L. OAKES, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Ka Zhou, though counsel, petitions for review of the BIA's June 2005 decision denying his motion to reissue its January 2005 decision denying his motion to reconsider the BIA's October 2004 denial of his motion to reopen its April 2004 summary affirmance of Immigration Judge ("IJ") Brigette Laforest's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because Zhou's petition for review was filed on June 15, 2005, it is timely only with respect to the BIA's June 2005 denial of his motion to reissue. Zhou had moved for the reinstatement of the BIA's decision denying Shou's motion to reconsider because of an apparent mix-up in mail deliveries resulting from the dissolution of one law firm and the subsequent formation of two new law firms. The BIA denied the motion to reissue because the previous decision denying the motion to reconsider had been mailed to the address provided by Zhou's prior counsel; therefore, the BIA concluded that there was no error attributable to it in its service of that decision to Zhou's prior counsel.

Both parties agree that we review the BIA's decision not to reissue its decision, like any other decision not to reopen a case, for abuse of discretion. *See, e.g., Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir.2005). The BIA satisfied its obligations to Petitioner by mailing its decision to the address it had on file for Petitioner's counsel of record. *See Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam). Any problems in timely receiving the decision were caused by the collective failure of Petitioner's current and former counsel to ensure that mail directed to their former partnership was correctly and speedily routed to the appropriate office, as well as current counsel's failure to alert the BIA that he had assumed representation of Petitioner and that mail should be sent directly to him rather than his former partnership. *See* 8 C.F.R. § 1003.38(g) ("Withdrawal or substitution of an attorney or representative may be permitted by the Board during

proceedings only upon written motion; 8 C.F.R. § 1003.38(e)") ("[T]he representative should ... provide to the Board written notice of any change in the representative's business mailing address."). Under these circumstances, we find no abuse of discretion in the BIA's declining to reissue its decision.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Zhou's pending motion for a stay of removal in this petition is DENIED as moot.