**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANA CRISTINA DUBON-ALFARO,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-72391

Agency No. A099-669-569

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

Ana Cristina Dubon-Alfaro, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her motion to reopen removal

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

NHY/Research

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including claims of due process violations, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008).  We deny the petition for review.

The agency acted within its discretion in denying Dubon-Alfaro's motion to reopen to rescind her removal order because the IJ properly ordered her removed in absentia when she failed to appear at her immigration hearing.  *See* 8 U.S.C. § 1229a(b)(5)(A), (C)(ii); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000). Dubon-Alfaro does not dispute that the Notice to Appear was personally served on her, indicating the time and place of her proceedings and the consequences of failure to appear at such proceedings.  *See* 8 U.S.C. § 1229(a).   Dubon-Alfaro's contention that the BIA violated due process by not providing her with a transcript of proceedings fails because she did not demonstrate prejudice.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**