NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO NEMESIO CASTILLO-TRIGOSO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70838 <br><br> Agency No. A072-142-425 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Eduardo Nemesio Castillo-Trigoso, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen deportation

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252.  We review for abuse of discretion the denial of a motion to reopen. *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (per curiam).  We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Castillo-Trigoso's moiton to reopen on the ground that he failed to establish improper notice, where his counsel of record was properly served by certified mail with written notice of the February 15, 1996 hearing.  *See* 8 U.S.C. § 1252b(a)(2)(A) (1994) (written notice shall be given by certified mail to the alien or to the alien's counsel of record); *Garcia*, 222 F.3d at 1209 (notice to attorney of record constitutes notice to alien).

Because Castillo-Trigoso did not challenge before the BIA the IJ's dispositive determination that he failed to establish the due diligence necessary for equitable tolling of the motions deadline, any such challenge is not exhausted and we do not have jurisdiction to consider it.  *See Zara v. Ashcroft*, 383 F.3d 927, 930-31 (9th Cir. 2004); 8 U.S.C. § 1252(d)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**