**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE NELSON CARTAJENA-
HERNANDEZ,

    Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

    Respondent.

No. 14-72016

Agency No. A029-276-537

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Jose Nelson Cartajena-Hernandez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's order denying his motion to reopen deportation

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Cartajena-Hernandez's motion to reopen as untimely, where he filed his motion more than 17 years after his final order of deportation. 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). Caratajena-Hernandez does not dispute that he failed to establish the diligence necessary for equitable tolling of the filing deadline, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to "deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error"), and notice of his hearing was served on his attorney of record, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2) (a motion to reopen to rescind an in absentia deportation order may be filed at any time if the alien demonstrates that he or she did not receive notice of the hearing); 8 C.F.R. § 1292.45 (permitting notice on alien's counsel of record); *Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir. 2000) (notice to the attorney of record constitutes notice to the alien).

Cartajena-Hernandez's contention that the agency did not apply the correct standard in denying his motion is not supported by the record.

**PETITION FOR REVIEW DENIED.**