**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALWINDER SINGH, | No. 14-72580 |
| Petitioner, | |
| v. | Agency No. A072-400-943 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Salwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his motion to reopen to rescind his

deportation order issued in absentia.  We review for abuse of discretion the denial

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We defer to the BIA's interpretations of the Immigration and Nationality Act in an unpublished, nonprecedential decision depending on the thoroughness, reasonableness, consistency, and persuasiveness of the BIA's analysis. *Zumel v. Lynch*, 803 F.3d 463, 471 (9th Cir. 2015). We deny the petition for review.

The agency did not abuse its discretion in denying Singh's motion to reopen on the ground that notice was proper under 8 U.S.C. § 1252b(a)(2)(A) (1994). Singh was personally served the Order to Show Cause ("OSC"), and his attorney was served the notice for the August 27, 1996 hearing, which informed Singh of the time, date, and place of the hearing and contained advisals warning him of the consequences of failing to appear. *See* 8 U.S.C. § 1252b(a)(2) (1994) (setting forth notice requirements); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (notice to the attorney of record constitutes notice to the alien).

The BIA reasonably interpreted former 8 U.S.C. § 1252b in concluding that the notice of hearing adequately explained the consequences of failing to appear as required by former subsections 1252b(a)(2) and (c)(1). *See Zumel*, 803 F.3d at 471. First, the BIA reasonably interpreted these provisions to require notice of the consequences of failure to appear, namely that an order of deportation may issue in absentia, and not other details of the statutory framework such as time limits for

filing a motion to rescind and the effect on judicial review of an in absentia deportation order. *See Matter of Villalba-Sinaloa*, 21 I. & N. Dec. 842, 844 (BIA 1997) (generally, the notice provided to an alien in the OSC need not be an exact recitation of the language set forth in the statute, as long as it is reasonable under all the circumstances). Second, the warning in the notice of hearing that a hearing "may be held in your absence," and that an "order of deportation will be entered against you if the Immigration and Naturalization Service establishes" proper notice and deportability suitably reflects the statutory directives. *See* 8 U.S.C. § 1252b(c)(1) (1994) (an alien "shall be ordered deported . . . if the Service establishes" proper written notice and alien's deportability).

**PETITION FOR REVIEW DENIED.**