**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALKIT KAUR and GUNDEEP KAUR, | No.   12-73834 |
| Petitioners, | Agency Nos.      A075-310-294 |
| v. | A075-310-295 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

Malkit Kaur and Gundeep Kaur, natives and citizens of India, petition for

review of the Board of Immigration Appeals ("BIA") order dismissing their appeal

from an immigration judge's decision denying petitioners' motion to reopen

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, review for substantial evidence factual determinations, and review de novo due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to reopen, based on lack of notice, where substantial evidence supports the agency's conclusion that the notice of the hearing was sent to a law office of their counsel of record, and an attorney associated with that counsel of record appeared at the hearing. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen to rescind an in absentia removal order may be "filed at any time if the alien demonstrates that he or she did not receive notice" of the hearing); 8 U.S.C. § 1229(a) (permitting written notice of time and place of a hearing through mail to alien's counsel of record); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (service on counsel of record is statutorily sufficient).

Nor did the agency violate petitioners' due process rights, as notice of their hearing was reasonably calculated to reach them. *See Popa v. Holder*, 571 F.3d 890, 897 (9th Cir. 2009) ("Due process is satisfied if service is conducted in a manner reasonably calculated to ensure that notice reaches the alien" (citation and quotation marks omitted)).

12-73834

The agency did not abuse its discretion in denying as untimely petitioners' motion to reopen, based on ineffective assistance of counsel, where petitioners filed their motion more than nine years after their final orders of removal, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (setting a 180-day filing deadline), and failed to establish the due diligence required to warrant equitable tolling of the deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the alien exercises due diligence in discovering such circumstances).

Petitioners' contentions that the BIA did not provide sufficient reasoning and overlooked evidence are not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

In light of this disposition, we do not reach petitioners' remaining contentions.

**PETITION FOR REVIEW DENIED.**