NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HE ZI CHEN,<br><br>                Petitioner,<br><br>    v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                Respondent. | Nos.   14-72197<br>           15-73583<br><br>Agency No. A070-078-194<br><br>MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

In these consolidated petitions for review, He Zi Chen, also known as Ren Lin Qiu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing his appeal from an immigration judge's order denying his motion to reopen exclusion proceedings conducted in

---

         *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

         **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

absentia (No. 14-72197), and denying his subsequent motion to reconsider (No. 15-73583). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petitions for review.

The agency did not err or abuse its discretion in denying Chen's motion to reopen, where Chen failed to demonstrate reasonable cause for his failure to appear. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B). The record reflects notice of Chen's 1991 exclusion hearing was sent to his attorney of record. *See* 8 C.F.R. § 292.5(a) (notice shall be serviced on alien's attorney of record unless unrepresented); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (notice to attorney of record constitutes notice to the alien). Chen's contention that former 8 C.F.R. § 242.1(c) (1990) is applicable to his proceedings is unavailing, where the regulation applied to Orders to Show Cause served in deportation proceedings, and not notice of hearings served in exclusion proceedings. Accordingly, Chen's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

The agency also did not abuse its discretion in denying the motion to reopen based ineffective assistance of counsel, where Chen failed to substantially comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and any ineffective

assistance was not plain on the face of the record. *See Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000) (*Lozada* compliance is not dispositive where ineffective assistance is plain on the face of the record).

The BIA did not abuse its discretion in denying Chen's motion to reconsider, where the motion failed to identify any error of fact or law in the agency's prior decision denying his motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1).

Contrary to Chen's contention, the BIA sufficiently explained its analysis. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

In light of our disposition, we do not reach Chen's remaining contentions regarding prejudice and due diligence.

**PETITIONS FOR REVIEW DENIED.**