NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FALGUNIBEN PATEL, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 16-72336 Agency No. A098-344-914 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Falguniben Patel, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's order denying her motion to reopen removal proceedings conducted in

absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Patel's motion to reopen as untimely, where she did not establish a lack of notice. *See* 8 C.F.R. § 1003.23(b)(4) (motions to reopen in absentia proceedings may be filed at any time if alien did not receive proper notice). Patel was personally served with the notice to appear and she concedes that the hearing notice was mailed to her attorney of record. *See id*. at § 1003.26(c)(2) (notice sufficient for in absentia purposes when "written notice of the time and place of proceedings and written notice of the consequences of failure to appear were provided to the alien or the alien's counsel of record"); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (hearing notice is properly served if it is served on alien's counsel of record). Patel's contentions that she lacked notice of the address obligations and consequences of failing to appear are misplaced because she received written notice in the notice to appear and the agency did not find that she had failed to provide an address. *See* 8 C.F.R. § 1003.26(c)(2).

The agency also did not abuse its discretion in declining to equitably toll the filing deadline, where Patel's motion provided insufficient evidence to show she acted with due diligence after she learned of the in absentia order in 2013. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (requiring petitioner to

16-72336

investigate suspected fraud or error, and ending tolling period when petitioner definitively learns of the harm from counsel's deficiency).

Because these determinations are dispositive, the agency did not need to reach petitioner's contentions regarding exceptional circumstances or her prior attorney's performance. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**