**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YINGGAO LI,<br><br>              Petitioner,<br><br>   v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>              Respondent. | No.   16-73193<br><br>Agency No. A088-286-080<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018[**]

Before:      CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Yinggao Li, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying Li's motion to reopen based on lack of notice, where the IJ personally served the notice of hearing on her attorney of record, in her presence. *See* 8 C.F.R. §§ 1003.23(b)(4)(ii) (motion to reopen in absentia proceedings may be filed at any time if alien did not receive proper notice), 1003.26(c)(2) (notice is sufficient when "written notice of the time and place of proceedings and written notice of the consequences of failure to appear were provided to the alien or the alien's counsel of record"); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (no due process violation where written notice was personally served on petitioners' counsel, in petitioners' presence, in court at the master calendar hearing). Li has identified no basis for revisiting this precedent at this time. *See Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (holding that a three judge panel may reexamine precedent only where "our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority").

We reject Li's contention that the BIA failed to consider arguments raised on appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**