NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANDY VIENNA STERMINT LIEMMERTZ, | No. 16-73253 |
| Petitioner, | Agency No. A095-883-625 |
| v. | MEMORANDUM* |
| MATTHEW G. WHITAKER, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018**

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Mandy Vienna Stermint Liemmertz, a native and citizen of Indonesia,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") order denying her motion

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Petitioner's request for oral arguments, raised in her opening brief, is denied.

to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not err or abuse its discretion in denying Liemmertz's motion to reopen based on lack of notice. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (motion to reopen in absentia proceedings may be filed at any time if alien did not receive proper notice). The IJ personally served the notice of hearing on Liemmertz's attorney of record, and the notice contained sufficient advisals regarding the consequences of failing to appear. *See* 8 U.S.C. § 1229(a)(2)(A) (setting forth notice requirements); 8 C.F.R. § 1003.26(c)(2) (notice is sufficient for in absentia purposes when "written notice of the time and place of proceedings and written notice of the consequences of failure to appear were provided to the alien or the alien's counsel of record"); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (no due process violation where written notice was personally served on petitioners' counsel, in petitioners' presence, in court at the master calendar hearing). We reject Liemmertz's unsupported contention that her notice of hearing was insufficient under 8 U.S.C. § 1229(a)(2)(A)(ii) because it did not inform her of the scope of judicial review of an in absentia order.

We do not reach Liemmertz's contention regarding the IJ's determination

that she filed a frivolous asylum application because it is outside the scope of our review. *See* 8 U.S.C. § 1229a(b)(5)(D) (judicial review of an in absentia removal order is limited to "(i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable.").

**PETITION FOR REVIEW DENIED.**