**Harvinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–73790.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 13, 2005.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo A

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Emily A. Radford, Esq., Shahira M. Tadross, Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Harvinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his motion to reopen in absentia removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's ruling on a motion to reopen, *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890–91 (9th Cir.2002), and we deny the petition for review in part and dismiss it in part.

■ The BIA did not abuse its discretion in denying Singh's motion to reopen because the record indicates that Singh's former counsel of record received proper notice of Singh's asylum hearing and appeared at the hearing. *See* 8 C.F.R. § 1003.26(c)(2); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam) (holding that notice to the attorney of record constitutes notice to the petitioner).

■ We lack jurisdiction to consider Singh's contention that there was a discrepancy between the date his hearing was actually held and the date indicated in his

hearing notice because Singh failed to raise this argument in his motion to reopen. *See* 8 U.S.C. § 1252(d)(1), *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (holding that an alien's failure to exhaust administrative remedies is a jurisdictional bar to appellate review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**