**Avetik ALAVERDIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73370.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Avetik Alaverdian, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Avetik Alaverdian, a native of Azerbaijan and a citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his motion to reopen removal proceedings conducted in absentia. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's ruling on a motion to reopen, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction over the petitioner's ineffective assistance of counsel claim because the petitioner did not exhaust his administrative remedies by first raising the claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (explaining that exhaustion is jurisdictional); *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) (holding that the petitioner must exhaust administrative remedies by first presenting ineffective assistance of counsel claim to the BIA).

The BIA did not abuse its discretion in denying Alaverdian's motion to reopen because the record shows that notice of Alaverdian's hearing held on May 6, 2003, was properly mailed to his former counsel of record. *See* 8 C.F.R. § 1003.26(c)(2); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam) (holding that notice to the attorney of record constitutes notice to the petitioner), and the presumption of delivery was not overcome by counsel's generalized statements in a brief that he did not receive notice of the hearing, *See* 8 C.F.R. § 1003.23(b)(3) (motions to reopen proceedings "shall be supported by affidavits and other evidentiary material").

As the BIA has denied Alaverdian's subsequent motion to reopen based on ineffective assistance of counsel, his request that the petition be held in abeyance while the BIA deliberates is moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

