**Ajitpal Singh MINHAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–76221.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Filed Jan. 12, 2006.

---

Jeffrey Martins, Esq., Law Offices of Jeffrey Martins, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Shelley R. Goad, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., Karl N. Gellert, Esq., DOJ—U.S. Department of Justice

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**568**

Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Ajitpal Singh Minhas, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *see Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam), and we deny the petition for review.

 The IJ did not abuse his discretion in concluding that Minhas received adequate notice of his removal hearing because Minhas conceded that his counsel received proper notice of the hearing. *See* 8 U.S.C. § 1229(a)(1); *Garcia*, 222 F.3d at 1209 (holding that notice to the attorney of record constitutes notice to petitioner).

 The IJ also did not abuse his discretion in concluding that Minhas failed to establish ineffective assistance of counsel because Minhas provided no evidence that his counsel performed deficiently, and Minhas failed to satisfy the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). *See Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir.2004).

Because Minhas did not demonstrate that his absence was due to lack of notice, *see* 8 U.S.C. § 1229a(b)(5)(C)(ii), or due to

exceptional circumstances, *see* 8 U.S.C. § 1229a(b)(5)(C)(i), the IJ acted within his discretion in denying Minhas's motion to reopen.

Petitioner's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

