**Jose L. AVALOS–GALVAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 04–76567.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Alejandro Garcia, Esq., City of Commerce, CA, for Petitioner.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC-District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Thomas M. Bondy, Esq., Glenn I. Cohen, Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Jose L. Avalos–Galvan, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") order denying his motion to reopen removal proceedings conducted in absentia. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we dismiss the petition for review in part and deny it in part.

We lack jurisdiction to consider Avalos–Galvan's ineffective assistance of counsel claim because he failed to raise this issue with the IJ or BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004) (holding that an alien's failure to exhaust administrative remedies is a jurisdictional bar to appellate review).

The BIA did not abuse its discretion in denying the motion to reopen because the record establishes that the hearing notice was served on Avalos–Galvan's counsel of record. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam) (finding adequate notice where the government served written notice of the hearing on applicant's counsel and applicant did not raise an ineffective assistance of counsel claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

