**SHU YING LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74623.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 21, 2009.

Theodore N. Cox, Esq., Law Offices of Theodore N. Cox, New York, NY, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carol Federi-

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ghi, Esq., Kristin K. Edison, Esq., DOJ, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Shu Ying Li petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his motion to reopen exclusion proceedings conducted *in absentia.* Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002), and we deny the petition for review in part and dismiss in part.

The agency did not abuse its discretion in denying Li's motion to reopen because Li's former counsel received proper notice of the exclusion hearing held on June 12, 1991. *See Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam) (notice to an attorney of record constitutes notice to petitioner).

We lack jurisdiction to review Li's contention that the agency's factual findings violated due process because he failed to raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (this court generally lacks jurisdiction to review contentions not raised before the agency).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.