NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAI LE HUANG,<br><br>              Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>              Respondent. | No.   18-71865<br><br>Agency No. A078-539-172<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Hai Le Huang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not err in determining that the lack of notice exception to the time limit to reopen removal proceedings conducted in absentia did not apply, where notices of Huang's changed hearings were served on her attorney of record. *See* 8 U.S.C. § 1229(a)(2)(A); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (notice to attorney of record constitutes notice to the alien). Thus, the BIA did not err by applying the 180-day deadline for motions to reopen due to exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

Huang has not raised, and therefore waives, any challenge to the BIA's determination that her motion was untimely and that she had not shown the required due diligence to equitably toll the filing deadline. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

Huang's contention that the immigration court lacked jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court). To the extent she contends *Karingithi* was wrongly decided, we lack the authority to overrule it. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED.**

18-71865