**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARPREET SINGH KAPOOR,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-543<br><br>Agency No.<br>A089-992-410<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2023**
Pasadena, California

Before: BYBEE and CHRISTEN, Circuit Judges, and VITALIANO, District Judge.***

Harpreet Singh Kapoor, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) denial of Kapoor's motion to reopen. The IJ

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

ordered Kapoor removed *in absentia* after he failed to appear at his merits hearing. Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we dismiss the petition in part and deny it in part.

We review for an abuse of discretion the denial of a motion to reopen. *Sembiring v. Gonzalez*, 499 F.3d 981, 985 (9th Cir. 2007). "The BIA abuses its discretion when it acts 'arbitrarily, irrationally or contrary to the law.'" *Id.* (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)).

Kapoor argues that the agency abused its discretion when it determined that he received proper notice of his merits hearing and that his failure to appear was not because of "exceptional circumstances." An *in absentia* removal order may be rescinded "if the alien demonstrates that the alien did not receive notice" in accordance with 8 U.S.C. § 1229(a)(1) or (2) or "if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C). The Immigration and Nationality Act (INA) permits service by mail to the alien's counsel of record, 8 U.S.C. § 1229(a)(1), (2)(A), and we have recognized that for due process purposes, "service of a hearing notice on an alien's counsel, and not on the alien himself, may be a sufficient means of providing notice of the time and location of removal proceedings," *Al Mutarreb v. Holder*, 561 F.3d 1023, 1028 n.6 (9th Cir. 2009); *see Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (per curiam). The INA defines "exceptional circumstances" as "exceptional circumstances

(such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1).

The BIA did not abuse its discretion by concluding that Kapoor received proper notice. The IJ "personally served the written notice on petitioner['s] counsel, in petitioner['s] presence, in court." *Garcia*, 222 F.3d at 1209. "It is a longstanding principle that in 'our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.'" *Id.* (omission in original) (internal quotation marks omitted) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 634 (1962)). Kapoor also does not dispute that he received "actual notice" of the hearing date when the IJ orally informed him of the date; he argues instead that he forgot the date. Because Kapoor cannot show that he did not receive notice, his argument that he relied on his counsel and his counsel failed to inform him of the motion to withdraw is an "exceptional circumstances" argument, not a notice argument.

The BIA did not abuse its discretion by concluding that Kapoor failed to show exceptional circumstances. Ineffective assistance of counsel (IAC) may qualify as an "exceptional circumstance," *see Lo v. Ashcroft*, 341 F.3d 934, 936–37 (9th Cir. 2003), but the BIA correctly observed that Kapoor did not satisfy the procedural requirements in *Matter of Lozada*, 19 I & N Dec. 637

3                                                                    21-543

(BIA 1988), for raising an IAC claim because he did not show that he notified his prior counsel or that he filed a bar complaint. Even if we do not construe Kapoor's arguments as an IAC claim, the BIA did not abuse its discretion by concluding that counsel's failure to notify him of the hearing date was not an "exceptional circumstance" beyond his control (like a battery or illness). 8 U.S.C. § 1229a(e)(1).

Kapoor also argues that the BIA erred by denying sua sponte reopening. We lack jurisdiction to review the agency's sua sponte reopening decision because Kapoor fails to identify a legal or constitutional error affecting the BIA's determination that, "[c]onsidering the totality of the circumstances presented by [Kapoor] in his motion," reopening was unwarranted. *See Lona v. Barr*, 958 F.3d 1225, 1235 (9th Cir. 2020); *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION DISMISSED IN PART, DENIED IN PART.**