NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSALIA LOZANO MACIEL; V. L. N.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-484

Agency Nos.
A215-906-042
A215-906-043

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2024[**]
San Francisco, California

Before: HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS, District Judge.[***]

Rosalia Lozano Maciel and her minor daughter, V.L.N., (collectively, "Petitioners"), natives and citizens of Mexico, petition for review of a Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Brian M. Morris, Chief Judge for the District of Montana, sitting by designation.

Immigration Appeals ("BIA") decision dismissing their appeal of the denial by an Immigration Judge ("IJ") of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny the petition.

Our review is limited to the grounds upon which the BIA relied. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). Where, as here, the BIA adopts and affirms portions of the IJ's decision, "we treat the incorporated parts of the IJ's decision as the BIA's." *Id.* (quoting *Blanco v. Mukasey*, 518 F.3d 714, 718 (9th Cir. 2008)). We review the agency's legal conclusions de novo and factual findings for substantial evidence. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

1. The BIA did not err in finding that Petitioners waived any claim that V.L.N.'s application stated an independent claim for asylum, withholding, or CAT relief. Petitioners' attorney informed the IJ that V.L.N.'s claim was "based completely and wholly on" Lozano Maciel's application. A party is bound by the statements of their attorney. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962); *see also Garcia v. I.N.S.*, 222 F.3d 1208, 1209 (9th Cir. 2000). Moreover, Petitioners provided no evidence to the IJ about any particular risks to young women and teenaged girls. Instead, on appeal to the BIA and this court, they rely solely on extra-record evidence to assert such a claim. The BIA thus did not err in finding that Petitioners waived any independent claim V.L.N. may have had by

failing to raise it to the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

2. Before this court, Petitioners do not raise any argument that the BIA erred in finding that they forfeited any objections to the IJ's relocation findings.[1] They have thus forfeited review of those findings. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (citing Fed. R. App. Proc. 28(a)(6)). In any event, the BIA did not err in finding that Petitioners forfeited any objections to the IJ's relocation findings. *See Honcharov*, 924 F.3d at 1297. Because Petitioners do not argue that they faced past persecution and have provided no evidence that the Mexican government sponsors persecution of women, relocation is presumed reasonable, 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3), and the agency did not err in denying their applications for asylum and withholding of removal.

3. Substantial evidence supports the agency's finding that Petitioners have failed to show that it is more likely than not they will be tortured if returned to Mexico. The BIA did not err in determining that they forfeited any argument regarding the risk of torture to "deportees to Mexico," because they failed to mention any such risk before the IJ. *See Honcharov*, 924 F.3d at 1297. And even

---

[1] Petitioners argue the BIA erred because it only adopted the IJ's findings as to past persecution and suggested the past persecution finding was dispositive. We do not reach this issue because the agency's relocation findings are an independently sufficient basis to deny the petition. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004).

on appeal to the BIA and in their petition for review, they rely exclusively on "generalized evidence of violence and crime in Mexico," which "is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Thus, the agency did not err in denying their applications for CAT relief.

**PETITION DENIED**.